# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEKSANDR YEZERSKY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-15-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In challenging the sentence imposed for his guilty-plea conviction for knowingly making false statements in attempting to acquire a firearm from a federal firearms licensee (FFL), in violation of 18 U.S.C. § 922(a)(6), Aleksandr Yezersky contends he was entitled to a two-level minor-participant reduction to his offense level. U.S.S.G. § 3B1.2(b). In denying the reduction, the court rejected Yezersky's assertion that he was merely a travel companion and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

translator, and was not otherwise a part of his co-defendant's scheme to smuggle firearms out of the United States and into Kazakhstan for resale.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

"Whether [Yezersky] was a minor . . . participant is a factual determination that we review for clear error". *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in the light of the record as a whole. *Id.*

A minor-participant reduction is applicable only if Yezersky can show he was "substantially less culpable than the average participant" in the offense. *Id.* at 203–04 (quoting U.S.S.G. § 3B1.2 cmt. n.3(A)). For the following reasons, the court's finding Yezersky was not a minor participant is plausible in the light of the record.

Yezersky and his co-defendant, Fedor Belov, drove from California to a gun show in Texas for the explicit purpose of making illegal purchases of firearms. And, at the show, Yezersky did more than merely translate for Belov. Yezersky knowingly presented false identification to an FFL and wrote false information on ATF Form 4473 (legally required in sales by FFLs). After being detained, ATF Agents discovered: Belov possessed a backpack with approximately eight firearms; Yezersky, a single firearm. When questioned,

No. 15-10609

Yezersky presented the Agents with a second false identification, and informed them how the firearms would be smuggled to California.

Yezersky was also aware the firearms would be smuggled out of the country to be sold, and he stood to profit from the scheme. But, another reason Yezersky is not entitled to the reduction is because he was charged only for his false statements, not the entire scheme. *See United States v. Garcia*, 242 F.3d 593, 598–99 (5th Cir. 2001); *United States v. Washington*, 480 F.3d 309, 313 & n.10 (5th Cir. 2007).

AFFIRMED.